Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Louis Gómez<br><br>   Recurrente<br><br>      vs.<br><br>Administración de Vivienda Pública<br><br>   Recurrida | KLRA202300569 | **REVISIÓN ADMINISTRATIVA** procedente de la Administración de Vivienda Pública<br><br>Caso Núm.: Q-03-2022<br><br>Sobre:  Cancelación de Subsidio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante nos, el señor Louis Gómez (Sr. Gómez o parte recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la Resolución emitida el 21 de agosto de 2023 y notificada el 8 de septiembre de 2023, por la Administración de Vivienda Pública (AVP o parte recurrida). Mediante dicha determinación, la AVP canceló el subsidio concedido a la parte recurrente, y ordenó el cierre y archivo de la querella.

Luego de evaluar el escrito de la parte recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

Número Identificador

SEN2023 _____

desestimamos el recurso mediante los fundamentos que expondremos a continuación.

## I.

Luego de celebrada una vista administrativa, en la cual se evaluó evidencia documental y testifical, el 21 de agosto de 2023,[1] la AVP emitió Resolución mediante la cual determinó que el Sr. Gómez se negó a abandonar una vivienda arrendada, a pesar de que el contrato de arrendamiento estaba vencido y, en varias ocasiones, incumplió con el requisito de que se inspeccionara la propiedad. Concluyó que, debido a lo anterior, el Programa de Viviendas rehusó emitir los pagos del subsidio a la arrendadora. Por entender que la causa es atribuible al propio Sr. Gómez, la AVP canceló el subsidio concedido, y ordenó el cierre y archivo de la querella.

Según alega en su escrito, el 28 de septiembre de 2023, el Sr. Gómez solicitó la reconsideración del dictamen. No obstante, no surge del expediente documentación alguna sobre este aspecto.

El 30 de octubre de 2023, el Sr. Gómez recurre ante este foro, y solicita la revocación de la Resolución emitida por la AVP.

## II.

La parte adversamente afectada por una orden o resolución final de una agencia, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, según enmendada; Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56. Para que dicho recurso pueda ser revisado en sus méritos, es necesario que la parte recurrente haya agotado todos los remedios administrativos provistos por la agencia o el organismo apelativo. Sección 4.2 de la

---

[1] Notificada el 8 de septiembre de 2023.

Ley Núm. 38-2017, *supra*; *Moreno Ferrer v. JRCM*, 209 DPR 430, 435 (2022). Además, el recurso deberá presentarse dentro del término jurisdiccional de 30 días, a contarse a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final. Sección 4.2 de la Ley Núm. 38-2017, *supra*; Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57.

No obstante, la parte adversamente afectada por la determinación final de la agencia podrá solicitar su reconsideración, dentro del término de 20 días desde la fecha de archivo en autos de la notificación de la resolución. Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655. En estos casos, la agencia tiene un término de 15 días para considerar la reconsideración. *Íd.* Pueden suceder tres cosas: (1) que la agencia rechace la moción, (2) que la agencia no actúe dentro de los 15 días, o (3) que la agencia decida acoger la moción presentada. *Íd.* Si la rechaza de plano, el término para solicitar la revisión judicial empezará a contarse a partir de la fecha en que se deniegue de plano la reconsideración. *Íd.* En cambio, si la agencia no actúa dentro del término de 15 días, la reconsideración se tendrá por rechazada y, a partir del día 15, comienza a correr nuevamente el término para solicitar revisión judicial. *Íd.* Finalmente, si la agencia decide acoger la moción, ésta tendrá 90 días contados desde la radicación de la moción de reconsideración para emitir su determinación, salvo que la agencia, por justa causa y dentro de esos 90 días, prorrogue el término por un período adicional que no excederá de 30 días. *Íd.* En estos casos, el término para solicitar revisión judicial comienza a transcurrir desde que la agencia emite su determinación, o a partir de la expiración del término de 90/120 días. *Íd.*

En cuanto al contenido del recurso, éste deberá contener un índice detallado de las autoridades citadas. Regla 59 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (B). Asimismo, deberán incluirse las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal. Regla 59 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (C). También, debe hacerse referencia a la decisión administrativa impugnada, incluyendo la fecha en que fue dictada y la fecha en que se notificó a las partes. *Íd.* En caso de que se haya presentado alguna moción, mediante la cual se haya interrumpido y reanudado el término para presentar el recurso de revisión, ésta deberá ser incluida en el legajo apelativo. *Íd.* Además, la parte recurrente deberá hacer un señalamiento breve y conciso de los errores que entienda cometió el organismo administrativo, incluyendo las disposiciones de ley y la jurisprudencia aplicable. *Íd.*

En total, el recurso de revisión no excederá de 25 páginas, salvo que el tribunal lo autorice. Regla 59 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (D). Además, deberá utilizar papel tamaño legal. Regla 70 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 70.

Sobre el apéndice, la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E), establece que el recurso deberá incluir una copia literal de los siguientes documentos, a saber:

> *(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.*
>
> *(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.*

*(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.*

*(d)* ***Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.***

*(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.*

*(f)* ***Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.***

(Énfasis nuestro).

Aunque es cierto que la propia Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, reconoce que "[l]a omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso", nuestro Tribunal Supremo ha expresado que **procederá su desestimación** "**cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007). (Énfasis suplido).

## III.

En el caso de autos, el Sr. Gómez presentó un recurso de revisión administrativa cuestionando la Resolución emitida por la AVP el 21 de agosto de 2023.[2] Según alega en su escrito, solicitó la reconsideración de dicha determinación el 28 de septiembre de 2023.

A pesar de lo anterior, **el referido recurso no estuvo acompañado de moción y/o Resolución en Reconsideración alguna que acredite la interrupción del término para presentar el recurso de revisión**.

---

[2] Notificada el 8 de septiembre de 2023.

Cónsono con el derecho antes discutido, el recurso de revisión administrativa deberá hacer referencia a la moción y/o resolución administrativa que acredite la interrupción y la reanudación del término para presentar el recurso de revisión. **Estos documentos son indispensables para constatar nuestra jurisdicción**.

Adicionalmente, el recurso ante nos: (1) no contiene un índice detallado de las autoridades citadas, (2) tampoco incluye las citas de las disposiciones legales que establecen la jurisdicción y la competencia de este Tribunal, (3) no se hizo un señalamiento breve y conciso de los errores cometido, (4) se dejaron de incluir las disposiciones de ley y la jurisprudencia aplicable, (5) el recurso excede de 25 páginas, y (6) no se utilizó papel tamaño legal.

Por las razones que anteceden, estamos impedidos de entender en la controversia y, según lo ha resuelto nuestro Alto Foro, como cuestión de derecho, procede la desestimación del recurso presentado por la parte recurrente. Principalmente, por estar impedidos de constatar nuestra jurisdicción. *Vázquez Figueroa v. E.L.A.*, *supra*, a la pág. 155.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Louis Gómez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones